**ERIE HUMAN RELATIONS COMMIS-SION et al.**

v.

**Hon. Louis J. TULLIO, Mayor of the City of Erie, et al.**

**Civ. A. No. 30–73 Erie.**

United States District Court,
W. D. Pennsylvania.

April 24, 1973.

Erie County Legal Services Association, Norman J. Watkins, John B. Galus, James T. Marnen, Erie, Pa., for plaintiffs.

James Hanes and Lawrence L. Kinter, City Sols., Erie, Pa., for defendants.

## OPINION

WEBER, District Judge.

This action was brought in this court under the Equal Protection Clause of the 14th Amendment of the Constitution of the United States and the federal civil rights statutes, 42 U.S.C. §§ 1981 and 1983. The court has jurisdiction under 28 U.S.C. § 1343. The complaint alleges racial discrimination in the selection, testing and hiring of applicants for the position of police officer in the City of Erie Police Department.

Plaintiffs are the Erie Human Relations Commission and certain individuals who allege discrimination as to themselves and members of the class which they claim to represent, being all black citizens who have applied in the past, are presently applying or will in the future apply for the position of police officer in the City of Erie Police Department. Because of the declaratory and injunctive relief sought and determined herein, the court deems it unnecessary to pass upon the class action allegations.

Defendants are certain elective or appointive officers or employees of the City of Erie who are sued in their individual capacity, it being alleged that they have acted under color of state law in carrying out a pattern of unlawful racial discrimination in the recruiting, testing and hiring of applicants for the position of police officer in the City of Erie.

■ A motion to dismiss as to certain defendants has been made on the grounds that the examination, nomination or appointment of police officers are not within their statutory functions. Nevertheless, the testimony taken reveals that all perform certain functions in the recruitment and processing of applicants, and the Ordinances of the City reveal that staff functions of the Civil Service Board are performed by city officers and agents appointed by and under the jurisdiction of the Mayor. We believe that the named individuals are all proper parties herein.

■ The defendants also move to dismiss the Erie Human Relations Commission as a party-plaintiff herein. The Commission is an arm of the government of the City of Erie charged with carrying out a stated policy of the City of safeguarding the right to obtain employment without discrimination as to race, color, religious creed, ancestry or national origin. Were this a suit against the City of Erie we would doubt its standing to sue, but because this action is brought against individuals acting under color of state law, we find no such conflict. The Commission is a representative organization which acts on behalf of citizens who allege racial discrimination. While its method of procedure in the enforcement of the city's ordinances is defined, in this court we are only concerned with its standing as a proper party-plaintiff in this action. The Commission would have no capacity to maintain this suit under state law [43 P.S. § 951, and Ordinance 19–1963 of the City of Erie]; it still may sue in its common name for the purpose of enforcing a substantive right existing under the Constitution or laws of the United States. Fed.R.Civ.P. 17(b). We determine that the Commission is a proper party-plaintiff under Fed.R.Civ.P. 17(b).

A temporary restraining order was sought upon the filing of this suit and a hearing was set. It appeared that the probability of irreparable harm was present for which there was no adequate remedy at law in that mental and physical examinations were to be conducted for the purpose of creating a list of eligible candidates for appointment to the Police Department which would serve as the reservoir for appointments for a considerable time in the future. It was further alleged that past discriminatory patterns would be continued in the administration of the examining process.

■ Upon notice a hearing was held, and testimony taken which revealed the

presence of constitutionally impermissible requirements of eligibility for examination, and discretionary applications of standards which had been applied to exclude certain black applicants from taking the physical or mental examination. The hearing also revealed that of 214 present police officers in the City of Erie, 3, or 1.4% were black; that in a 10 year period from 1962 to 1972, two black officers were hired; that the ratio of blacks to the total population of the City of Erie is 6.8%. Discrimination need not be deliberate or intentional; a prima facie case is established by a demonstration that blacks were under-represented and that there is an opportunity for racial discrimination. Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 [1970]; Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L. Ed.2d 536 [1972], and Smith v. Yeager, 465 F.2d 272 [3rd Cir. 1972]. The remedy of a temporary restraining order imposed no great hardship on defendants, and defendants were restrained from giving the scheduled written examination for applicants until determination of Plaintiffs' Motion for Preliminary Injunction.

■ Upon the date set for further hearing the parties filed a stipulation which resolved all matters of factual controversy between them but left for the court the form of the affirmative relief to be granted. The court adopts the Stipulation as its Findings of Fact, and concludes therefore as a matter of law that a pattern of racial discrimination has existed for a considerable period of time in the selection of officers of the Police Department of the City of Erie.

The remedy sought by the Plaintiffs has been achieved in part by the Stipulation providing for the amendment of the Rules of Police Civil Service Board A, and the agreement to seek a validation of the mental examination to exclude cultural bias. One contention of the plaintiffs to which the defendants are unable to agree because of the state statutory requirements governing the appointment of policemen is the selection from the pending applicants of a sufficient number of black applicants to achieve the racial balance.

The defendants require the sanction of a court order to accomplish this and, therefore, the Stipulation submits the form of relief to the court as a question of law.

■ However, the Supreme Court has held that the court has not merely the power but the duty to render a decree which so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future. Louisiana v. United States, 380 U.S. 145, 154, 85 S.Ct. 817, 13 L.Ed.2d 709 [1964].

■ There is nothing new, unusual or unique in the remedy which plaintiff seeks. It has been applied many times. "It is apparent that remedies to overcome the effects of past discrimination may suspend valid state laws. United States v. Mississippi, 339 F.2d 679 [5th Cir. 1964]; United States v. Duke, 332 F.2d 759 [5th Cir. 1963]." Carter v. Gallagher, 452 F.2d 315, 328 [8th Cir. 1972].

> "It has now been established by the Supreme Court that the use of mathematical ratios as 'a starting point in the process of shaping a remedy' is not unconstitutional and is 'within the equitable remedial discretion of the District Court.' Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 25, 91 S.Ct. 1267, 1280, 28 L. Ed.2d 554 [1971]." Carter v. Gallagher 452 F.2d 315, 331 [8th Cir. 1972].

The Court of Appeals for this Judicial Circuit has affirmed a hiring plan to correct imbalance as long as the hirings were made from existing eligibility lists. Commonwealth of Pennsylvania et al. v. O'Neill, 473 F.2d 1029 (3rd Cir. 1973)

**426**

affirming 348 F.Supp. 1084 [E.D.Pa. 1972].

■ Because it is contemplated that at least twenty new police officers are to be added to the Police Department of the City of Erie in the immediate future from funds to be supplied by the Law Enforcement Assistance Administration, and that such additional personnel will be selected from the qualifying examinations currently being administered, it is necessary that the corrective relief to end the past discriminatory pattern be afforded immediately.

### ORDER

Now this 24th day of April, 1973, it is ordered that Defendants shall, in filling the next twenty positions by appointment to the Police Department of the City of Erie, nominate to the appointing authority a sufficient number of candidates of the black race from the existing eligibility lists prepared pursuant to examinations administered in April 1973 to provide for the appointment of one black race candidate for every candidate of the white race so appointed until not less than ten black candidates have been so appointed unless the list of eligible black candidates is sooner exhausted. Said black candidates shall be nominated to the appointing authority in accordance with their standing on the eligibility list. When ten persons of the black race shall have been so appointed, all remaining appointments from the eligibility list shall be made in accordance with the statutory requirements without regard to race.

The Court shall retain jurisdiction of this matter pending the implementation of all procedures agreed to in the Stipulation of the parties to insure against further discrimination in appointments to the Police Department of the City of Erie.

This Opinion includes the Findings of Fact and Conclusions of Law of the Court.